DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
Attorneys for Defendant
DCL HONG KONG LIMITED
131 East Thirty-Eighth Street
New York, N.Y.  10016
(212) 889-2300
PETER J. ZAMBITO (9362 PZ)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X 
FEDERAL INSURANCE COMPANY,

                      Plaintiff,                    **ECF CASE**

          - against -                    08 Civ. 03288 (LAP)

M/V LAHORE EXPRESS, her engines, boilers,    ANSWER AND CROSSCLAIM
tackle, etc, NORMAN G. JENSEN, INC.
d/b/a JENSEN MARITIME SERVICES, DIRECT
CONTAINER LINE, INC.,

                    Defendants.
------------------------------------------------------------X

      Defendant DCL HONG KONG LIMITED (sued herein as "Direct Container Line, Inc.," hereinafter "DCL") by its attorneys, DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION, answering the Verified Complaint with Prayer for Maritime Attachment propounded by the plaintiff herein, respectfully shows to the Court and alleges upon information and belief as follows:

      1. Admits that this is a claim under the Court's Admiralty and Maritime jurisdiction with respect to the carriage of goods by water and, except as so admitted, denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraph 1 of the Complaint.

2. Denies the allegations contained in paragraphs 2, 6, 7, 8 and 9 of the Complaint.

3. Admits that defendant DCL was a non-vessel owning common carrier by water with respect to the cargo described in Schedule A annexed to the Complaint, which was carried and discharged and delivered at destination and, except as so admitted, denies the allegations contained in paragraph 3 of the Complaint.

4. Denies the allegations contained in paragraph 4 of the Complaint and denies having sufficient knowledge or information to form a belief as to the co-defendants.

5. Denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraph 5 of the Complaint.

### FOR A FIRST, SEPARATE AND COMPLETE DEFENSE

6. The Complaint fails to state a cause of action against defendant DCL upon which relief can be granted.

### FOR A SECOND, SEPARATE AND COMPLETE DEFENSE

7. At the time the suit was commenced in this action or at the time when any loss or damage was sustained by the goods, or at any other material time, the plaintiff herein was not the real party in interest.

### FOR A THIRD, SEPARATE AND COMPLETE DEFENSE

8. The said shipment was transported on the said vessel and was discharged and delivered subject to the bills of lading issued therefor, and tariffs by which the shippers, owners, consignees and holders of said bill of lading agreed to be and are bound, and were subject also to the provisions of the United States Carriage of Goods by Sea Act, approved April 16, 1936 and/or the Harter Act. Any loss/or injury and/or damage alleged to have been suffered by the

shipment was due to a cause or causes for which these defendants are not liable or responsible by virtue of the provisions of the United States Carriage of Goods by Sea Act and/or Harter Act and/or provisions of the said bills of lading and/or tariffs and/or other applicable provisions of the contracts of carriage or of law.

<u>FOR A FOURTH, SEPARATE AND COMPLETE DEFENSE</u>

9. The United States Carriage of Goods by Sea Act provided in Section 1304 thereof, among other things, as follows:

> "(2) Neither the carrier nor the ship shall be held responsible for loss or damage arising or resulting from -
>
> (a) Act, neglect or default of the master, mariner, pilot or the servants of the carrier in the navigation or in the management of the ship;
>
> * * * * * * *
>
> c) Perils, dangers and accidents of sea or other navigable waters;
>
> (d) Act of God;
>
> * * * * * * *
>
> (I) Act or omission of the shipper or owner of the goods, his agent or representative;
>
> (m) Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality or vice of the goods;
>
> (n) Insufficiency of packing;
>
> (p) Latent defects not discoverable by due diligence; and,
>
> (q) Any other cause arising without the actual fault or privity of the carrier and without the fault or neglect of the agents or servants of the carrier, but the burden of proof shall be on the person claiming the benefit of this exception to show that neither the actual fault or privity of the carrier nor the fault or neglect of the agents or servants of the carrier contributed to the loss or damage."

10. By reason of the foregoing provisions or any of them, the defendant should be under no responsibility for the damages.

### FOR A FIFTH, SEPARATE AND COMPLETE DEFENSE

11. The nature and valuation of the goods were not declared by the shipper before shipment and inserted in the bill of lading. If plaintiff is entitled to any recovery, which is denied, such recovery should be limited to $500 per "package" or "per customary freight unit," in accordance with the above quoted provisions of the United States Carriage of Goods by Sea Act.

### FOR A SIXTH, SEPARATE AND COMPLETE DEFENSE

12. Plaintiff failed to join indispensable parties, namely, Hapag-Lloyd Ltd., Sea Span Corp. and Sea Span Ship Management Ltd.

### AS AND FOR A CROSSCLAIM AGAINST the M/V LAHORE EXPRESS and NORMAN G. JENSEN, Inc. d/b/a JENSEN MARITIME SERVICE (hereinafter "the co-defendants")

13. If the plaintiff suffered any damages, which is denied, such damages were caused by the acts, omissions, breach and/or negligence of the co-defendants and/or others acting on their behalf, without any acts, omissions, breach or negligence on the part of defendant DCL contributing thereto.

14. If the plaintiff suffered any damages, which is denied, and is awarded judgment against defendant DCL then defendant will be entitled to full and complete indemnity and/or contribution as the case may be from the co-defendants for all losses and damages sustained, together with costs, disbursements and reasonable counsel fees.

WHEREFORE, defendant DCL demands judgment dismissing the plaintiff's Complaint or, in the alternative, demands judgment against the co-defendants for all sums which may be

recovered by the plaintiff against defendant DCL or for contribution, as the case may be, together with the costs, disbursements and reasonable counsel fees and for such other or different relief as to this Court may be just and proper under the premises.

Dated:  New York, New York
        June 12, 2008

        DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
        Attorneys for Defendant DCL

        S/ _____
          PETER J. ZAMBITO    (9362 PZ)

        OFFICE & P.O. ADDRESS:
        131 East Thirty Eighth Street
        New York, N.Y.  10016
        (212) 889-2300