DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
Attorneys for Defendant
DCL HONG KONG LIMITED
131 East Thirty-Eighth Street
New York, N.Y.  10016
(212) 889-2300
PETER J. ZAMBITO (9362 PZ)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FEDERAL INSURANCE COMPANY,

                          Plaintiff,                       **ECF CASE**

                    - against -                   08 Civ. 03288  (LAP)

M/V LAHORE EXPRESS, her engines, boilers,      **THIRD-PARTY COMPLAINT**
tackle, etc, NORMAN G. JENSEN, INC.
d/b/a JENSEN MARITIME SERVICES, DIRECT
CONTAINER LINE, INC.,

                         Defendants.
-----------------------------------------------------------X
DCL HONG KONG LIMITED,

               Defendant/Third-Party Plaintiff,

                    - against -

HAPAG-LLOYD AKTIENGESELLSCHAFT,
HAPAG-LLOYD AG,  SEA SPAN CORP. and
SEA SPAN SHIP MANAGEMENT LTD.,

                 Third-Party Defendants.
-----------------------------------------------------------X

      The defendant and third-party plaintiff, DCL HONG KONG LIMITED (sued herein as

"Direct Container Line, Inc.," hereinafter, "DCL") by its attorneys, DOUGHERTY, RYAN, GIUFFRA,

ZAMBITO & HESSION, as and for its Third-Party Complaint against the above named third-party defendant, respectfully shows to the Court and alleges upon information and belief as follows:

1. That at all relevant times, defendant and third-party plaintiff DCL was and still is a corporation duly organized and existing under and by virtue of law with an office and place of business at 857 East 230th Street, Carson, CA 90745 and at all relevant times acted as a non-vessel operating common carrier.

2. At all relevant times, third party defendants HAPAG-LLOYD AKTIENGESELLSCHAFT and HAPAG LLOYD AG (hereinafter, collectively, "HAPAG") were and still are corporations or other business entities existing under and by virtue of the law of Germany, with an office and place of business c/o Hapag-Lloyd (America) Inc., 377 Hoes Lane, Piscataway, NJ 08854, were the Owners and/or Charterers and/or Operators of the M/V LAHORE EXPRESS and were and are doing and have transacted business within the jurisdiction of this Honorable Court.

3. At all relevant times, third party defendants SEA SPAN CORP. and SEA SPAN SHIP MANAGEMENT (hereinafter collectively, "SEA SPAN") were and still are corporations or other business entities existing under and by virtue of the law of Germany, with an office and place of business c/o Hapag-Lloyd (America) Inc., 377 Hoes Lane, Piscataway, NJ 08854, were the Owners and/or Charterers and/or Operators of the M/V LAHORE EXPRESS and were and are doing and have transacted business within the jurisdiction of this Honorable Court.

4. At all relevant times, third-party defendant or one of them issued or caused to be issued Sea Waybill No. HLCU0RF071100271 dated on October 29, 2007 to the third-party plaintiff covering part of a consolidated container-load, which was carried from New York to Nhava Sheva on board the aforesaid vessel.

5. On or about April 2, 2008, plaintiff filed a Complaint against DCL and others alleging that a shipment of dry cleaning machine parts carried on board the M/V LAHORE EXPRESS was delivered lost and damaged. A copy of the Complaint is annexed hereto as Exhibit "A."

**AS AND FOR A FIRST CAUSE OF ACTION**

6. At all relevant times, the whole reach of the Vessel or a slot or slots on her were in the exclusive control of one or more of the third-party defendants or those of their agents, servants and/or independent contractors. In accordance therewith, one or more of them <u>vis a vis</u> DCL was responsible for the loading, stowing, securing, discharging and delivery of the cargo in suit.

7. If any loss and/or damage was sustained by the said cargo, as alleged in the Complaint, it resulted solely from a breach of the Bill of Lading contract and/or negligence and lack of care on the part of one or more of the third-party defendants or those with whom they were in privity or retained by them, without any breach, negligence or lack of care on the part of defendant and third-party plaintiff or those acting for it contributing thereto.

8. As a result, if any liability should be adjudged against the defendant and third-party plaintiff, it will be entitled to indemnity in full from one or more of the third-party defendants, together with the costs of this action and reasonable counsel fees.

**AS AND FOR A SECOND CAUSE OF ACTION**

9. Third-party plaintiff repeats and realleges each and every paragraph heretofore set forth with the same force and effect as if set forth here at length.

10. On or about October 29, 2007 at the Port of New York, there was shipped and delivered to HAPAG and/or SEA SPAN and the said vessel, as common carriers, a sealed

container, No. TRLU6746930, it and its contents alleged to then be in good order and condition, and HAPAG issued a clean Sea Waybill, No. HLCU0RF071100271, and it, SEA SPAN and the said vessel then and there accepted said sealed container so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said sealed container to the Port of Nhava Sheva and there deliver the same in like good order and condition as when shipped.

11. Thereafter, the said vessel arrived at the Port of Nhava Sheva where she and the third-party defendants made delivery of the said containerized shipment, but allegedly not in like good order, quantity and condition as when shipped, but on the contrary, short and/or seriously damaged in violation of their obligations and duties as common carriers of merchandise by water for hire.

12. If any loss and/or damage was sustained by the said cargo, as alleged in the Complaint, it resulted solely from a breach of the bill of lading contract and/or negligence and lack of care on the part of one or more of the third-party defendants or those retained by it, without any breach, negligence or lack of care on the part of the defendant and third-party plaintiff or those acting for it contributing thereto.

WHEREFORE, defendant and third-party plaintiff demands judgment against one or more of the third party defendants for all sums that may be adjudged against it in favor of the plaintiff, together with costs and reasonable counsel fees incurred by or on behalf of defendant and third-party plaintiff and, pursuant to Rule 14(c) of the Federal Rules of Civil Procedure, if the Court should find that the plaintiff is entitled to judgment, defendant and third-party

plaintiff demands judgment be entered directly against one or more of the said third party defendants and in favor of the plaintiff, and defendant and third-party plaintiff, further prays:

1. That process in due form of law according to the practice of this Court may issue against the third party defendants, citing them to appear and answer the Complaint and Third Party Complaint.

2. That if the third party defendants cannot be found within this District, that all their property within this District be attached in the sum set forth in the Complaint, plus legal fees and disbursements.

3. That defendant and third-party plaintiff have such other, further and different relief as to this Court appears just and proper in the premises.

Dated: New York, New York
       June 16, 2008

> DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
> Attorneys for Defendant and Third-Party Plaintiff
> DCL HONG KONG LIMITED
>
> BY: _____
>     PETER J. ZAMBITO    (9362 PZ)
>
> OFFICE & P.O. ADDRESS:
> 131 East Thirty Eighth Street
> New York, N.Y. 10016
> (212) 889-2300