HILL, BETTS & NASH LLP
Attorneys for Defendant
HAPAG-LLOYD AKTIENGESELLSCHAFT
(also named herein as "HAPAG-LLOYD AG")
One World Financial Center
200 Liberty Street, 26th Floor
New York, New York 10281
(212) 839-7000
Michael J. Ryan (2793 MR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FEDERAL INSURANCE COMPANY,    08 CV. 3288 (LAK)(RLE)
                              ECF CASE
                 Plaintiff,

    - against –               **ANSWER TO VERIFIED**
                              **COMPLAINT**
M/V LAHORE EXPRESS, her engines, boilers,
Tackle, etc, NORMAN G. JENSEN, INC.
d/b/a JENSEN MARITIME SERVICES, DIRECT
CONTAINER LINE, INC.,

                 Defendants.
-----------------------------------------------------------------X
DCL HONG KONG LIMITED,

        Defendant/Third-Party Plaintiff,

    - against –

HAPAG-LLOYD AKTIENGESELLSCHAFT,
HAPAG-LLOYD AG, SEA SPAN CORP. and.
SEA SPAN SHIP MANAGEMENT LTD.,
CONTAINER LINE, INC.,

        Third-Party Defendants.
-----------------------------------------------------------------X

   Defendant, HAPAG-LLOYD AKTIENGESELLSCHAFT (also named herein as

"HAPAG-LLOYD AG") by its attorneys, Hill, Betts & Nash LLP, as and for its Answer

to the Complaint, alleges upon information and belief as follows:

{NY075628.1 }

1. It admits the Court's Admiralty and Maritime jurisdiction and denies knowledge or information thereof sufficient to form a belief as to each and every other allegation set forth in paragraph 1 of the Complaint.

2. It admits that a "Schedule A" is annexed to the Complaint and denies knowledge or information thereof sufficient to form a belief as to each and every other allegation set forth in paragraph 2 of the Complaint.

3. It admits that it was a charterer of the M/V LAHORE EXPRESS and denies each and every other allegation set forth in paragraph 3 of the Complaint.

4. It denies the allegations set forth in paragraph 4 of the Complaint as to it and denies knowledge or information thereof sufficient to form a belief as to each and every other allegation set forth in paragraph 4 of the Complaint.

5. It denies knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph 5 of the Complaint.

6. It denies knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph 6 of the Complaint.

7. It denies knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph 7 of the Complaint.

8. It denies knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph 8 of the Complaint.

9. It denies knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph 9 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. That the plaintiff is not the real party in interest and the Complaint should be dismissed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11. That the Complaint fails to state a cause of action against third-party defendant and the Complaint should be dismissed.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12. That the shipment which is the subject of the Complaint was transported pursuant to the terms and conditions of a certain sea waybill contract and third-party defendant claims the benefit of and entitlement to each and every limitation, exemption, and/or defense provided for in said sea waybill contract.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13. That the shipment referred to in the Complaint was transported pursuant to the provisions of the United States Carriage of Goods by Sea Act of 1936, as amended, and defendant claims the benefit of each and every limitation, exemption, and/or defense set forth in said Act.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14. That the sea waybill contract covering the shipment which is the subject of this Complaint specifically provided for exclusive jurisdiction in Hamburg, Germany, and the Complaint as to third-party defendant should be dismissed accordingly.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15. That any liability on the part of third-party defendant is limited to $500 per package or per customary freight unit in accordance with the terms and conditions of the applicable sea waybill contract and/or the provisions of the United States Carriage of Goods by Sea Act as aforesaid.

WHEREFORE, the third-party defendant, HAPAG-LLOYD AKTIENGESELLSCHAFT, (also named herein as "HAPAG-LLOYD AG") demands that the Complaint be dismissed as to it and that judgment be entered in its favor and against the plaintiff, together with costs and disbursements, and that it has such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
       August 26, 2008

By: HILL, BETTS & NASH, LLP

_____
Michael J. Ryan (MR2793)
Attorneys for Third-Party Defendant
HAPAG-LLOYD
AKTIENGESELLSCHAFT
(also named herein as "HAPAG-LLOYD AG")
One World Financial Center
200 LIBERTY STREET, 26th Floor
New York, New York 10281
(212) 839-7000

To: Kingsley, Kingsley & Calkins
    Attorneys for Plaintiff
    Attention: Harold M. Kingsley, Esq.
    91 West Cherry Street
    Hicksville, NY 11801
    (516) 931-0064

{NY075628 1}                              4

Dougherty Ryan Giuffra Zambito & Hession
Attorneys for Defendant DCL HONG KONG LIMITED
Attention: Peter J. Zambito, Esq.
131 East 38th Street
New York, New York 10016
(212) 889-2300

Hill, Rivkins & Hayden LLP
Attorneys for Defendant NORMAN G. JENSEN, INC.
Attention: Thomas E. Willoughby, Esq.
45 Broadway, Suite 1500
New York, New York 10006-3739
(212) 669-0600

## VERIFICATION

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

Michael J. Ryan, being duly sworn, deposes and states as follows:

He is an attorney admitted to practice before this Honorable Court and is Of Counsel to the firm of Hill, Betts & Nash LLP, attorneys for defendant, HAPAG-LLOYD AKTIENGESELLSCHAFT (also named herein as "HAPAG-LLOYD AG"); he has read the foregoing Answer and knows the contents thereof and the same is true to his own knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters, he believes it to be true.

The sources of deponent's information and the grounds for his belief and as to those matters stated to be alleged upon information and belief are documents and records contained in the file of this matter in deponent's office.

The reason this verification is made by deponent and not by third-party defendant HAPAG-LLOYD AKTIENGESELLSCHAFT (also named herein as "HAPAG-LLOYD AG"); is that said third-party defendant is a foreign corporation, none of whose officers are within this district where deponent has his offices.

_____
Michael J. Ryan

Sworn to before me this
26th day of August, 2008

_____
Notary Public

JANET M. WALTERS
NOTARY PUBLIC, State of New York
No. 01WA6060804
Qualified in Kings County
Commission Expires 7-2-11

{NY075638.1 }

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

        JOAN KARLSON, being duly sworn deposes and says, I am not a party to the action and over 18 years of age.

        That on the 28th day of August 2008 she served the attached Answer to Verified Complaint upon:

Kingsley, Kingsley & Calkins
Attorneys for Plaintiffs
Attention: Harold M. Kingsley, Esq.
91 West Cherry Street
Hicksville, NY 11801
(516) 931-0064

Dougherty Ryan Giuffra Zambito & Hession
Attorneys for Defendant DCL HONG KONG LIMITED
Attention: Peter J. Zambito, Esq.
131 East 38th Street
New York, New York 10016
(212) 889-2300

Hill, Rivkins & Hayden LLP
Attorneys for Defendant NORMAN G. JENSEN, INC.
Attention: Thomas E. Willoughby, Esq.
45 Broadway, Suite 1500
New York, New York 10006-3739
(212) 669-0600

by depositing a true copy of the papers, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the foregoing attorneys.

                                                          _____
                                                          JOAN KARLSON

Sworn to before me this
28th day of August 2008

_____
Notary Public

JANET M. WALTERS
NOTARY PUBLIC, State of New York
No. 01WA6080694
Qualified in Kings County
Commission Expires 7-2-11

{NY075639.1}