HILL, BETTS & NASH LLP
Attorneys for Defendant
HAPAG-LLOYD AKTIENGESELLSCHAFT
(also named herein as "HAPAG-LLOYD AG")
One World Financial Center
200 Liberty Street, 26th Floor
New York, New York 10281
(212) 839-7000
Michael J. Ryan (2793 MR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FEDERAL INSURANCE COMPANY,

                          Plaintiff,

   - against –

M/V LAHORE EXPRESS, her engines, boilers,
Tackle, etc, NORMAN G. JENSEN, INC.
d/b/a JENSEN MARITIME SERVICES, DIRECT
CONTAINER LINE, INC.,

                          Defendants.
-----------------------------------------------------------------X
DCL HONG KONG LIMITED,

               Defendant/Third-Party Plaintiff,

   - against –

HAPAG-LLOYD AKTIENGESELLSCHAFT,
HAPAG-LLOYD AG, SEA SPAN CORP. and.
SEA SPAN SHIP MANAGEMENT LTD.,
CONTAINER LINE, INC.,

                   Third-Party Defendants.
-----------------------------------------------------------------X

08 CV. 3288 (LAK)(RLE)
ECF CASE

**ANSWER TO AMENDED THIRD-PARTY COMPLAINT**

       Third-Party Defendant HAPAG-LLOYD AKTIENGESELLSCHAFT, (also named herein as "HAPAG-LLOYD AG") by its attorneys Hill, Betts & Nash LLP, as and for its Answer to the Amended Third-Party Complaint, alleges upon information and belief as follows:

{NY075636 1 }

1. It denies knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph 1 of the Amended Third-Party Complaint.

2. It admits that it is a corporation or business entity existing under and by virtue of the laws of Germany, with an office and place of business at 25 Ballindamm, Hamburg, Germany, and that it has an agent, Hapag-Lloyd (America) Inc., whose offices are at 377 Hoes Lane, Piscataway, New Jersey 08854, and that it was the charterer of the M/V LAHORE EXPRESS. It denies it was the owner or operator of said vessel and denies knowledge or information thereof sufficient to form a belief as to each and every other allegation set forth in paragraph 2 of the Amended Third-Party Complaint.

3. It denies knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph 3 of the Amended Third-Party Complaint.

4. It denies the allegations set forth in paragraph 4 of the Amended Third-Party Complaint.

5. It admits the allegations set forth in the first sentence of paragraph 5 of the Amended Third-Party Complaint and denies a copy of the Complaint was annexed as Exhibit "A".

## AS TO THE FIRST CAUSE OF ACTION

6. It denies knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph 6 of the Amended Third-Party Complaint.

7. It denies the allegations set forth in paragraph 7 of the Amended Third-Party Complaint.

8. It denies the allegations set forth in paragraph 8 of the Amended Third-Party Complaint.

## AS TO THE SECOND CAUSE OF ACTION

9. It repeats and realleges paragraphs 1 through 8 of this Answer as if specifically pleaded and set forth at length herein in answer to paragraph 9 of the Amended Third-Party Complaint.

10. It admits that on or about October 29, 2007 at the Port of New York, a sealed container No. TOLU 1705810 was delivered to the M/V LAHORE EXPRESS and Sea Waybill No. HLCUORF 071101391 was issued in accordance with the terms and conditions of said sea waybill and the terms and conditions of any service agreement in effect and applicable thereto. It denies knowledge or information thereof sufficient to form a belief as to each and every other allegation set forth in paragraph 10 of the Amended Third-Party Complaint.

11. It denies the allegations set forth in paragraph 11 of the Amended Third-Party Complaint.

12. It denies the allegations set forth in paragraph 12 of the Amended Third-Party Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13. That the third-party plaintiff is not the real party in interest and the Amended Third-Party Complaint should be dismissed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

14. That the Amended Third-Party Complaint fails to state a cause of action against third-party defendant and the Amended Third-Party Complaint should be dismissed.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15. That the shipment which is the subject of the Amended Third-Party Complaint was transported pursuant to the terms and conditions of a certain sea waybill contract and third-party defendant claims the benefit of and entitlement to each and every limitation, exemption, and/or defense provided for in said sea waybill contract.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

16. That the shipment referred to in the Amended Third-Party Complaint was transported pursuant to the provisions of the United States Carriage of Goods by Sea Act of 1936, as amended, and defendant claims the benefit of each and every limitation, exemption, and/or defense set forth in said Act.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

17. That the sea waybill contract covering the shipment which is the subject of the Amended Third-Party Complaint specifically provides for exclusive jurisdiction in Hamburg, Germany, and the Amended Third-Party Complaint should be dismissed as to third-party defendant accordingly.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

18. That any liability on the part of third-party defendant is limited to $500 per package or per customary freight unit in accordance with the terms and conditions of the applicable sea waybill contract and/or the provisions of the United States Carriage of Goods by Sea Act as aforesaid.

WHEREFORE, the third-party defendant, HAPAG-LLOYD AKTIENGESELLSCHAFT, (also named herein as "HAPAG-LLOYD AG") demands

that the Amended Third-Party Complaint be dismissed as against it and that judgment be entered in its favor and against the defendant and third-party plaintiff, together with costs and reasonable counsel fees incurred on behalf of third-party defendant and that this Court grant HAPAG-LLOYD AKTIENGESELLSCHAFT, (also named herein as "HAPAG-LLOYD AG") such other and further relief as to the Court may seem just and proper.

Dated:  New York, New York
        August 26, 2008

                                        HILL, BETTS & NASH, LLP

                                        By: _____
                                            Michael J. Ryan (MR2793)
                                            Attorneys for Third-Party Defendant
                                            HAPAG-LLOYD
                                            AKTIENGESELLSCHAFT
                                            (also named herein as "HAPAG-
                                            LLOYD AG")
                                            One World Financial Center
                                            200 LIBERTY STREET, 26th Floor
                                            New York, New York 10281
                                            (212) 839-7000

To:   Dougherty Ryan Giuffra Zambito & Hession
      Attorneys for Defendant DCL HONG KONG LIMITED
      Attention: Peter J. Zambito, Esq.
      131 East 38th Street
      New York, New York 10016
      (212) 889-2300

      Kingsley, Kingsley & Calkins
      Attorneys for Plaintiffs
      Attention: Harold M. Kingsley, Esq.
      91 West Cherry Street
      Hicksville, NY 11801
      (516) 931-0064

Hill, Rivkins & Hayden LLP
Attorneys for Defendant NORMAN G. JENSEN, INC.
Attention: Thomas E. Willoughby, Esq.
45 Broadway, Suite 1500
New York, New York 10006-3739
(212) 669-0600

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

    JOAN KARLSON, being duly sworn deposes and says, I am not a party to the action and over 18 years of age.

    That on the 28th day of August 2008 she served the attached Answer to Amended Third-Party Complaint upon:

| | |
|---|---|
| Dougherty Ryan Giuffra Zambito & Hession<br>Attorneys for Defendant DCL HONG KONG LIMITED<br>Attention: Peter J. Zambito, Esq.<br>131 East 38th Street<br>New York, New York 10016<br>(212) 889-2300 | Kingsley, Kingsley & Calkins<br>Attorneys for Plaintiffs<br>Attention: Harold M. Kingsley, Esq.<br>91 West Cherry Street<br>Hicksville, NY 11801<br>(516) 931-0064 |
| Hill, Rivkins & Hayden LLP<br>Attorneys for Defendant NORMAN G. JENSEN, INC.<br>Attention: Thomas E. Willoughby, Esq.<br>45 Broadway, Suite 1500<br>New York, New York 10006-3739<br>(212) 669-0600 | |

by depositing a true copy of the papers, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the foregoing attorneys.

                      _____
                       JOAN KARLSON

Sworn to before me this
28th day of August 2008

_____
Notary Public

JANET M. WALTERS
NOTARY PUBLIC, State of New York
No. 01WA6080884
Qualified in Kings County
Commission Expires 7-2-11

{NY075681.1}